Seth W. Wiener, California State Bar No. 203747
LAW OFFICES OF SETH W. WIENER
609 Karina Court
San Ramon, CA 94582
Telephone: (925) 487-5607
Email: *seth@sethwienerlaw.com*

Attorney for Plaintiff
Samir Ibraheem

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMIR IBRAHEEM;<br><br>      Plaintiff,<br><br>v.<br><br>BURGERIM GROUP USA, INC.; and DOES 1 through 10;<br><br>      Defendants. | Case No.: 2:19-cv-7399<br><br>**COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

  Plaintiff Samir Ibraheem ("Plaintiff" or "Ibraheem") for his Complaint against Defendant Burgerim Group USA, Inc. ("Burgerim") makes the allegations below.

**INTRODUCTION**

  1. This case arises out of Burgerim's breach of its promise to pay $90,000 to Plaintiff in exchange for Plaintiff's surrender of his three Burgerim franchises to Burgerim. By this lawsuit, Plaintiff seeks to obtain the funds due to him, punitive damages, attorney's fees, and interest.

**PARTIES**

  2. Plaintiff is an individual resident in the State of Florida.

  3. Plaintiff is informed and believes, and thereon alleges, that Burgerim is a corporation incorporated under the laws of the State of California, with its principal place of business at 16851 Ventura Boulevard, Suite 303, Encino, California 91436, and that its agent for service of process is Niv Vladimir Davidovich, 6442 Coldwater Canyon Avenue, Suite 209, North Hollywood, CA 91606.

  4. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 10, and therefore sues these Defendants by such fictitious names. Plaintiff will amend

Complaint – Page 1

this Complaint to allege their true names and capacities when ascertained.

5. At all times relevant herein, and at the time of the transactions complained of, each of the Defendants were the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency.

**JURISDICTION**

6. This Court has jurisdiction over this action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of the State of Florida and a citizen of the State of California.

**VENUE**

7. Venue is proper in this District because Burgerim is resident in this District, a substantial part of the events or omissions giving rise to the claim occurred in this District, and because the parties' Agreement to Cancel Franchise provides: "The Parties hereby consent that the venue and jurisdiction in any litigation or proceeding arising out of or relating to this Agreement shall be proper only in Los Angeles County."

**FACTUAL ALLEGATIONS**

8. On or about April 5, 2017, Plaintiff and Burgerim entered into a Franchise Agreement.

9. On or about December 22, 2018, Plaintiff and Burgerim entered into an Agreement to Cancel Franchise, pursuant to the which the parties agreed to terminate and cancel the Franchise Agreement and to terminate their relationship.

10. Section One of the Agreement to Terminate Franchise provided: "As of the date of this Agreement, the Franchise Agreement, and all rights, liabilities, and obligations of the parties arising from such agreement, except as specified herein, shall terminate and franchisee shall have no rights at all in any Burgerim franchise, including, without limitation, the Franchise."

11. Section 2 of the Agreement to Terminate Franchise provided: "In consideration of the Release of the Franchisor for all acts and omissions, Franchisor shall pay Franchisee the net sum of $90,000 (Ninety Thousand Dollars) in 90-120 business days from the date signed below."

12. Pursuant to the Agreement to Terminate Franchise, Plaintiff surrendered its three Burgerim franchises to Burgerim.

13. On April 4, 2019, Burgerim sent an email to Plaintiff stating that the "refund check is scheduled to go out on June 14 or sooner."

14. Burgerim did not, however, make the $90,000 payment to Plaintiff, in spite of repeated requests by Plaintiff that it do so.

15. As of the date of the filing of this Complaint, the principal amount due from Burgerim to Plaintiff is $90,000.

**FIRST CAUSE OF ACTION**
**Breach of Agreement to Cancel Franchise**
**(Against Burgerim)**

16. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

17. Plaintiff and Burgerim entered into the Agreement to Cancel Franchise

18. Plaintiff did all, or substantially all, of the significant things that the Agreement to Cancel Franchise required him to do, including surrendering Plaintiff's Burgerim franchises to Burgerim.

19. All conditions required by the Agreement to Cancel Franchise for Burgerim's payment have occurred.

20. Burgerim has failed to pay the $90,000 due under the Agreement to Cancel Franchise.

21. As a direct and proximate result of the breach of the Agreement to Cancel Franchise, Plaintiff has suffered damages in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
**Open Book Account**
**(Against Burgerim)**

22. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

23. Plaintiff and Burgerim had financial transactions with respect to the cancellation of the parties' Franchise Agreement.

24. Plaintiff kept an account of the debits and credits involved in the transactions.

25. Burgerim owes the principal amount of $90,000, plus interest thereon, to Plaintiff.

**THIRD CAUSE OF ACTION**
**Account Stated**
**(Against Burgerim)**

26. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

27. Burgerim currently owes the principal amount of $90,000, plus interest thereon, to Plaintiff.

28. Burgerim confirmed that the principal amount of $90,000 was the correct amount owed by Burgerim to Plaintiff.

29. Burgerim has not paid Plaintiff any of the amount owed under this account.

30. Burgerim owes $90,000, plus interest thereon, to Plaintiff.

**FOURTH CAUSE OF ACTION**
**Money Had and Received**
**(Against Burgerim)**

31. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

32. Burgerim received money that was intended to be used for the benefit of Plaintiff.

33. The money received by Burgerim was not used for the benefit of Plaintiff.

34. Burgerim has not given the money to Plaintiff.

**FIFTH CAUSE OF ACTION**
**Promissory Fraud**
**(Against All Defendants)**

35. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

36. In order to induce Plaintiff to surrender his three Burgerim franchises, on December 22, 2018, Burgerim promised, in writing, to "pay [Plaintiff] the net sum of $90,000 (Ninety Thousand Dollars) in 90-120 business days" from December 22, 2018.

37. Burgerim did not intend to perform the promise when it made it.

38. Burgberim intended that Plaintiff rely on its promise.

39. Plaintiff reasonably relied on the promise by surrendering its three Burgerim franchises and entering into the Agreement to Cancel Franchise.

40. Plaintiff was harmed as it did not receive the promised $90,000 payment.

41. Plaintiff's reliance on Burgerim's promise was a substantial factor in causing its harm.

**SIXTH CAUSE OF ACTION**
**Declaratory Relief**
**(Against All Defendants)**

42. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

43. Burgerim's acts and practices, described herein, constitute unlawful, unfair, or fraudulent business practices in violation of California Business & Professions Code §§ 17200, et seq.

44. The above-described unfair, unlawful, and fraudulent business conducted by Burgerim present a threat and likelihood of harm and deception in that Burgerim has systematically perpetrated and continue to perpetrate the unfair, unlawful, and fraudulent conduct upon members of the public by engaging in the behavior described herein.

45. Pursuant to California Business & Professions Code §§ 17200, 17203, and 17204, Plaintiff seeks an order enjoining Burgerim from continuing its unlawful, fraudulent, and deceptive business practices. Plaintiff additionally request an order awarding him reimbursement of all monies wrongfully acquired by Burgerim by means of such unlawful, unfair and fraudulent acts and practices, so as to deter Burgerim and to rectify Burgerim's unlawful, and fraudulent practices, and to restore any and all monies to Plaintiff, plus interest, attorneys' fees, and costs, pursuant to California Code of Civil Procedure § 1021.5.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. For damages in an amount to be proved at trial, but not less than $90,000;
2. For disgorgement and restitution;
3. For punitive and exemplary damages in an amount to be proved at trial;
4. For prejudgment and postjudgment interest;
5. For attorney's fees as permitted by law and the Agreement to Cancel Franchise;
6. For costs of suit;
7. For attachment and/or other provisional relief; and

8. For such other and further relief as the Court deems just and proper.

8. For such other and further relief as the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff Samir Ibraheem demands a trial by jury on all claims so triable.

Dated: August 26, 2019

LAW OFFICES OF SETH W. WIENER

By:_____
    Seth W. Wiener
    Attorneys for Plaintiff
    Samir Ibraheem

Complaint – Page 6